Davis, J.
Fish are ferae naturae; yet, “where the animals or other creatures are not domestic, but are ferae naturae, larceny may, notwithstanding, be committed of them, if they are fit for food of man and dead, reclaimed (and known to be so) or confined. Thus * * * fish in a tank or net, or as it seems in any other enclosed place which is private property, and where they may be taken at any time at the pleasure of the owner * * * the taking of them with felonious intent will be larceny.” 2 Russ. Cr., 83. “Fish confined in a tank or net are sufficiently secured.” 2 Bishop Cr. Law, section 775.
*164 The trial judge seems to have directed the jury to return a verdict of “not guilty” on the theory that the fish must have been confined so that there was absolutely no possibility of escape. We think that this doctrine is 'both unnecessarily technical and erroneous. For example, 'bees in a hive may be the subject of larceny, yet it is possible for the bees to leave thb hive by the same place at which they entered. To acquire a property right in animals ferae naturae, the pursuer must bring them into his power and control, and so maintain his control as to show that he does not intend to abandon them again to the world at large. When he has confined them within his own private enclosure where he may subject them to his own use at his pleasure, and maintains reasonable precautions to prevent escape, they are so impressed with his proprietorship that a felonious taking of them from his enclosure, whether trap, cage, park, net, or whatever it may be, will be larceny. For such cases, as is clearly shown by the authorities above quoted, the law does not require absolute security against the possibility of escape, and none of the authorities cited for the defendants in error, except Norton v. Ladd, 5 N. H., 203, sustain their contention. Young v. Hichens, 6 Ad. & Ell., N. S., 606; S. C., 51; E. C. L., 606; is not applicable to this case. That was an action for the conversion of fish which were never in the plaintiff’s net, but had been frightened away from entering into the plaintiff’s net by the defendant and caught in his own net.
In the present case the fish were not at large in Lake Erie. They were confined in nets, from which it was not absolutely impossible for them to escape,' yet it was practically so impossible; for it seems that under ordinary circumstances few, if any, of the|fish *165 escape. The fish that were taken had not escaped, and it does not appear that they would have escaped, or even that they probably would have escaped. They were so safely secured that the owners of the nets could have taken them out of the water at will as readily as the defendants did. The possession of the owners of the nets was so complete and certain that the defendants went to the nets and raised them with absolute assurance that they could get the fish- that were in them. We think, therefore, that the owners of the nets, having captured and confined the fish, had acquired such a property in them that the taking of them was larceny.

Exceptions sustained.

Bueket, C. J., Speae, Shauck, Price and Crew, JJ., concur,